**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | | |
|---|---|---|---|
| **IN RE:** | **MATTHEW KNEER,** | : | **Chapter 7** |
| | | : | |
| | **Debtor** | : | **Bky. No. 19-16705 ELF** |

# M E M O R A N D U M

## I. INTRODUCTION

Debtor Matthew Kneer ("the Debtor") commenced this chapter 7 case on October 28, 2019. The case was administered as a no-asset case. The Debtor received his discharge on February 6, 2020. The case was closed on February 10, 2020.

On January 28, 2021, Izak Farbiarz ("the Movant") filed a Motion to Reopen Chapter 7 Case ("the Motion"), requesting that the case be reopened to permit the chapter 7 trustee to administer an asset, which had been disclosed inaccurately in the Debtor's schedules. On February 16, 2021, the Debtor filed a response to the Motion.

The court held an initial hearing on the Motion on March 5, 2021, during which the Movant also stated his intention to request revocation of the Debtor's discharge. See 11 U.S.C. §727(d)(1). This request triggered a threshold issue: the timeliness of a potential adversary complaint seeking revocation of discharge. The court and the parties then agreed to defer the submission of evidence on the Motion pending resolution of that threshold legal issue. The parties submitted memoranda in support of their respective positions, the last of which was filed on April 9, 2021.

For the reasons stated below, the Motion will be denied in part, and deferred in part.

The Motion will be denied insofar as the Movant seeks to reopen the case to file an

adversary complaint for revocation of the Debtor's discharge. I am deferring a ruling on the Motion insofar as it seeks to reopen the case to permit an undisclosed asset to be administered. A further hearing on that issue will be scheduled.

## III. LEGAL STANDARD: 11 U.S.C. §350

11 U.S.C. §350(b) provides that "[a] case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause."

The determination whether a bankruptcy case should be reopened is committed to the discretion of the bankruptcy court. The moving party bears the burden of demonstrating circumstances sufficient to justify the reopening of the case. See, e.g., In re Antonious, 373 B.R. 400, 405–06 (Bankr. E.D. Pa. 2007) (collecting authorities).

A court should consider a variety of non-exclusive factors when determining the propriety of reopening a case, including:

1. the length of time that the case has been closed;
2. whether a non-bankruptcy forum, such as state court, has the ability to adjudicate the dispute;
3. whether prior litigation in bankruptcy court implicitly determined that the state court would be the appropriate forum to determine the post-bankruptcy rights of the parties;
4. whether any parties would be prejudiced were the case reopened or not reopened;
5. the extent of the benefit that the debtor seeks to achieve by reopening; and
6. whether it is clear at the outset that the debtor would not be entitled to any relief if the case were reopened.

Id.; see also In re Bergman, 2018 WL 1393728, at *1 (Bankr. E.D. Pa. Mar. 19, 2018); In re Fellheimer, 443 B.R. 355, 359 (Bankr. E.D. Pa. 2010); In re Redcay, 2007 WL 4270378, at *2 (Bankr. E.D. Pa. Dec. 3, 2007).

## III. BACKGROUND

### A.

In the Motion, the Movant depicts himself as the Debtor's former landlord and the holder of a $23,469.79 state court money judgment against the Debtor. The Motion states that the Debtor "willfully and purposefully" failed to schedule the Movant as a creditor, thereby depriving him of notice of this bankruptcy case. (Motion ¶ 36). The Movant claims that he first learned of the bankruptcy case around October 13, 2020. (Id. ¶ 35).

Had he been given timely notice of the bankruptcy case, the Movant asserts that he would have raised a misstatement in the Debtor's bankruptcy schedules pertaining to the address and value of the Debtor's ownership interest in 875 W. Spiller Street, in Wytheville, Virginia 24382 ("the Property"). The Debtor inaccurately identified the Property, which the Debtor owns jointly with his mother, as 8715 Spiller Street and having a value of $28,000.00. The Movant asserts that the Property's value is much greater, $139,000.00, and that it is not subject to a mortgage. (Motion ¶¶ 39, 41).[1]

Significantly, the Motion focuses solely on issues of case administration. It states that the case should be reopened to permit the Movant to file a proof of claim, to require amendment of

---

[1] The Movant also asserts that the Debtor failed to provide accurate information in the Statement of Financial Affairs, which requires a debtor to list all of his or her residential addresses in the prior three (3) years. (See Motion ¶ 37). The Movant did not develop this issue further and I perceive his main concern to be the Debtor's interest in the Property. I do not understand the Movant to be requesting the reopening of the case simply to compel the Debtor to amend the Statement of Financial Affairs to provide an additional former residential address.

Schedule A/B to disclose the Debtor's interest in the Property and for the trustee to administer the estate (i.e., the Property). (See Motion ¶ 46).

**B.**

At the March 5, 2021 hearing, I asked the Movant's counsel whether the former chapter 7 trustee ("the Trustee") expressed any interest in administering the Property or otherwise had a position on the Motion. Obviously, there is no point to reopening the case to administer an asset if the Trustee will not administer it. Counsel responded by stating that did not know the Trustee's view of the matter.[2]

Irrespective of the Trustee's position on the Property and the potential for administering it in a reopened case, the Movant supplemented his argument during the March 5, 2021 hearing. The Movant pivoted from case administration concerns to revocation of the Debtor's discharge for fraud as the basis for reopening the case. See 11 U.S.C. §727(d)(1); see also In re Abdelmassia, 362 B.R. 207, 211 (Bankr. D.N.J. 2007) (failure to disclose assets may support revocation request under 11 U.S.C. §727(d)(1)). At this point, an obvious issue arose: would an adversary complaint to revoke the discharge be time-barred?

A request for revocation of discharge under §727(d)(1) must be brought "within one year after [the] discharge is granted. 11 U.S.C. §727(e)(1). As of the March 5, 2021 hearing, more than one (1) year had passed since the entry of the Debtor's discharge on February 6, 2021. So, any future complaint seeking revocation of discharge would be time-barred. However, the

---

[2] After the hearing, the Trustee advised the Movant's counsel by e-mail that "[a]t this point, based upon a number of factors including potential tax issues, potential exemptions and a meaningful distribution to creditors, I have no interest in administering [the Property]." (Bky. No. 19-16705, Doc. # 45).

Motion was filed on January 28, 2021, less than one (1) year since the entry of the discharge order. Accordingly, the inquiry becomes: If the case is reopened and an adversary complaint is filed seeking revocation of the discharge, will the complaint relate back to the date the Motion was filed? If not, reopening the case for that purpose would be futile. See, e.g., Reinert v. Vara, 620 B.R. 536, 543 (W.D. Pa. 2020) ("A bankruptcy case should not be reopened where it would be a futile exercise or a waste of judicial resources") (citation omitted).

## IV. DISCUSSION

### A.

#### 1.

The Movant focused his arguments on Fed. R. Civ. P. 15 (incorporated in bankruptcy court adversary proceedings by Fed. R. Bankr. P. 7015). Rule 15 provides that an amended pleading may relate back to the date of an original pleading if the amendment alleges a claim or defense arising out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. See Charles Alan Wright & Arthur R. Miller, 6A Fed. Prac. & Proc. Civ. §1497 (3d ed. West 2021).

Rule 15 is inapplicable here. This is a contested matter, not an adversary proceeding. As such, Fed. R. Bankr. P. 9014 governs. Rule 9014 incorporates certain adversary rules, but not Rule 7015 (and therefore, not Rule 15).

Even if I exercised the discretion afforded by Rule 9014 to apply Rule 7015 and Rule 15 in this contested matter, those rules remain inapplicable. They involve the treatment of an amended pleading and its relationship to a prior pleading in a single proceeding. Here, there are

two (2) distinct matters: a motion to reopen a closed bankruptcy case and a potential future adversary complaint. By its terms, Rule 15 cannot apply.

**2.**

Despite the inapplicability of Rule 15, equitable principles potentially could save the day for the Movant. For example, perhaps a motion filed within a year of the entry of the discharge, which sets forth a factual basis for revoking a discharge and requests reopening to permit the filing of an adversary complaint under 11 U.S.C. §727(d), renders a subsequently filed adversary complaint (outside of the one (1) year limitation) otherwise timely under §727(e)(1).

The principle of "relation back" based on a late filed §727(d)(1) adversary complaint was discussed in In re Fresquez, 167 B.R. 973 (Bankr. D.N.M. 1994).

In Fresquez, the bankruptcy court permitted an adversary complaint filed more than one (1) year after the entry of the debtor's discharge to relate back to a timely filed motion to revoke the discharge. The court had denied the revocation motion as procedurally improper: a proceeding to revoke a discharge requires an adversary complaint see Fed. R. Bankr. P. 7001(4). Nevertheless, the court held that the adversary complaint was timely under an equitable "relation back" theory. The earlier motion gave the debtors adequate and timely notice that the creditor was seeking revocation of the discharge. The motion provided the exact basis of the discharge revocation request. And, the creditor filed the adversary complaint promptly after learning of the procedural defect with the motion. Therefore, the court found that the debtors were not prejudiced by the later-filed adversary complaint and permitted the adversary proceeding to continue. Fresquez, 167 B.R. at 977.

Fresquez, however, is not convincing authority for the Movant's position in this case. The Frezquez bankruptcy case had already been reopened before the creditor filed the timely, but procedurally improper, request for revocation of the discharge. The court permitted the adversary complaint to relate back to the motion because it alleged the same facts and asked for precisely the same relief. Id.

Here, the Motion, as filed, did not seek revocation of the Debtor's discharge. It requested the reopening of the closed bankruptcy case for the sole purpose of administering the Property.

A case procedurally closer to the case at bar than Fresquez is In re Pankey, 122 B.R. 710, 712 (Bankr. W.D. Tenn. 1991), aff'd, 145 B.R. 244 (W.D. Tenn. 1992).

In Pankey, a creditor filed a motion to reopen the closed case within a year of the entry of the discharge order. The creditor subsequently filed an adversary complaint seeking revocation of discharge under §727(d)(1) after the one (1) year deadline had passed.

The bankruptcy court in Pankey did not reach the issue of relation back because it held unequivocally that a (timely) motion "no matter how specific it may be" cannot satisfy the time limitation in §727(e)(1).[3] Id. at 712. The court interpreted the word "request" found in §727(d) and (e) to mean that a motion cannot commence an adversary proceeding. Therefore, the late-filed §727(d)(1) adversary complaint was time-barred under §727(e)(1).

The district court in Pankey affirmed the bankruptcy court decision on appeal, agreeing with the bankruptcy court's reasoning. As an alternative ground for its affirmance, the district

---

[3] The motion to reopen stated that the purpose for reopening the case was to allow the creditor to conduct "a Rule 2004 examination and subsequently to address the propriety of the discharge of the indebtedness to Movant pursuant to 11 U.S.C. 523 and 727(a). Id. at 711.

noted that the motion to reopen, as filed by the creditor, could not be treated as a request for revocation. The motion requested that the case be reopened only for the purposed of conducting a Rule 2004 examination. It did not request revocation of discharge, stating that the creditor would address the propriety of the discharge after further investigation. Id. at 246-247.

Pankey offers a broad legal holding, i.e., that §727(e)(1) does not support any "relation back" or similar equitable doctrine if a complaint is filed untimely. Consistent with Pankey, many courts have held, generally, that the equitable tolling doctrine is not applicable to 11 U.S.C. §727(e), reasoning that Congress did not intend to permit the §727(e)(1) deadline to be equitably tolled. "Congress has made a policy determination in section 727 that the importance of finality of a chapter 7 discharge after one year overrides any equitable considerations implicated by the equitable tolling doctrine." Fellheimer, 443 B.R. at 372; accord In re Andersen, 476 B.R. 668, 674 & n.10 (B.A.P. 1st Cir. 2012); In re Anzo, 2017 WL 432787, at *3 (Bankr. N.D. Ga. Jan. 30, 2017) ("Section 727(e) is treated as a statute of repose rather than a statute of limitations").

In this case, I need not base my decision on the generally accepted view that the §727(e)(1) deadline can never be equitably tolled by motion (or otherwise) because I find that the Debtor did not receive notice within the one (1) year period following the entry of his discharge that the discharge was being challenged.

Assuming arguendo that some type of equitable tolling is permissible under 11 U.S.C. §727(e)(1), the Movant's failure to state expressly his intention to seek revocation of the discharge in the Motion is dispositive.

Even in Fresquez, the court stressed the importance of adequate notice in the earlier filed motion. The court pointed out that the motion stated the "exact basis" for the requested

revocation of discharge. The court also emphasized the narrow scope of its holding: the debtors had notice and were not prejudiced by the late filed adversary complaint.

Similarly, in In re Stedham, 327 B.R. 889, 905 (Bankr. W.D. Tenn. 2005) , the court rejected the creditor's "relation back" argument because the earlier filed motion to reopen alleged only that the debtor fraudulently misrepresented his assets without specifically stating the creditor's intention to request revocation of the debtor's discharge. See also Anzo, 2017 WL 432787, at *5 (denying motion to reopen case denied because the motion did not specify the fraudulent activity required under §727(d)(1) and merely requested an extension of time to investigate and file a complaint in the event that any fraudulent conduct were found).

In light of the foregoing, I need not exercise any equitable discretion that might exist to permit an unfiled §727(d)(1) adversary complaint to relate back to the filing of the Motion. As drafted, the Motion seeks to reopen the case for schedule amendments and case administration; it does not even hint at a possible claim to revoke the Debtor's discharge. Consequently, reopening this case to permit the initiation of a discharge revocation request would not serve any purpose because no complaint that the Movant might file under §727(d)(1) will ever be timely by way of a "relation back" principle.

Therefore, I am denying the Motion to the extent it requests I reopen the case to permit the Movant to file an action under 11 U.S.C. §727(d)(1).[4]

---

[4] I would be remiss if I did not point out that the Movant's request to reopen the case in order to file a §727(d)(1) adversary complaint is based on the likely false premise that this closed case had to be reopened before the Movant could file a §727(d)(1) adversary complaint. See Andersen, 476 B.R. at 675 n.11 (collecting cases for the proposition that a closed bankruptcy case does not need to be reopened as a jurisdictional prerequisite to exercising §1334(b) "arising under" subject-matter jurisdiction); In re Koerkenmeier, 344 B.R. 603, 607 (Bankr. W.D. Mo. 2006) (closure relates merely to the administrative status of a case and does not deprive the bankruptcy court of jurisdiction to determine matters relevant to the case).

**B.**

Finally, I turn to the merits of the Motion as filed. Should the case be reopened so that an undisclosed asset (the Property) can be administered for the benefit of creditors?

I am aware that the Trustee has expressed no interest in administering the Property. See n.2, supra. By stating his intent not to administer the asset, the Trustee, in effect, has declared his intention to abandon the asset back to the Debtor. See 11 U.S.C. §554.[5] But that does not necessarily end the matter.

A trustee is afforded "wide discretion" in determining whether to abandon an estate asset. E.g., In re Wilton Armetale, Inc., 618 B.R. 424, 433 (Bankr. E.D. Pa. 2020). Courts generally will defer to the exercise of the trustee's business judgment. See In re Truong, 557 B.R. 326, 340 (Bankr. D.N.J. 2016). However, neither the trustee's discretion nor the court's deference is unlimited.

A party in interest may oppose a proposed abandonment by proving that administering the asset will confer a benefit to the estate and that abandonment constitutes an abuse of the trustee's discretion. See id.; In re Slack, 290 B.R. 282, 284 (Bankr. D.N.J. 2003), aff'd, 112 Fed. App'x 868 (3d Cir. 2004). Ultimately, the question is whether "the trustee made a business judgment, in good faith, upon some reasonable basis." In re Guru Glob. Logistic, LLC, 557 B.R. 842, 845

---

Potentially, I could have denied the request to reopen the case in order to file a §727(d)(1) adversary as simply unnecessary. However, in the interest of guiding the parties and avoiding unnecessary additional litigation, I choose to resolve the matter as presented by the parties.

[5] If we treat the Property as not having been disclosed (due to the incorrect address in the schedules), it remains as estate property notwithstanding the closure of the case. Compare 11 U.S.C. §554(c) (unless the court orders otherwise, scheduled property not administered during the case is abandoned to the debtor) with 11 U.S.C. §554(d) and Hutchins v. I.R.S., 67 F.3d 40, 43 (3d Cir. 1995) (asset must be properly scheduled in order to pass to the debtor through abandonment under 11 U.S.C. §554).

(Bankr. W.D. Pa. 2016); accord In re Syntax-Brillian Corp., 2018 WL 3491758, at *15 (Bankr. D. Del. July 18, 2018).

Here, a ruling on the Motion will be deferred for the simple reason that the Movant has not had his day in court on this issue. To succeed on the Motion, the Movant will have to prove that administering the Property will confer a benefit to the estate and that the Trustee's apparent decision not to administer the asset is an abuse of the discretion afforded him under 11 U.S.C. §554.

## V. CONCLUSION

For the reasons stated above, the Motion will be denied in part and a ruling deferred in a part.

An appropriate order follows.

**Date: May 24, 2021**

**ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**